NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARY ELAINE WASHINGTON, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | )<br>) |
| FEDERAL COMMUNICATIONS, COMMISSION, WABC-7 NEW YORK NEWS BUREAU, 6-ABC NEW JERSEY NEWS BUREAU (THE WALT DISNEY COMPANIES—ABC, INC., TIME WARNER CABLE (WARNER AND ADVANCE COMMUNICATIONS), WPVI-CHANNEL 6, WNJM 89.9 MHz FM, WNJB 88.3 MHz FM (NEW JERSEY NETWORK OF THE STATE OF NEW JERSEY), CENTER FOR CREATIVE VOICES IN MEDIA, WMID 1340 KHz AM (EQUITY COMMUNICATIONS, WJJZ 97.5 MHz FM (GREATER MEDIA BROADCASTING), 98.7 FM KISS, and WBLS 107.5 FM, | )<br>)<br>)<br>)<br>)<br>) Civil Action No.: 08-1338 (JLL)<br>)<br>) **O R D E R**<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |
| Defendants. | )<br>) |

**LINARES**, District Judge.

The instant matter comes before this Court on the in forma pauperis application of Plaintiff Mary Elaine Washington ("Washington") of March 4, 2008, her motion for a preliminary injunction (styled as one for an "administrative-ministerial proceeding" on her

proposed order for a preliminary injunction) of that same date (Docket #2), and her renewed motion for an "administrative-ministerial proceeding" on the preliminary injunction previously requested (Docket #3) (substantially identical to Docket #2), and her requests in both her motions before the Court for relief with regard to discovery and on the issue of respondeat superior.

Upon review of the materials submitted by Washington in support of her application to proceed in forma pauperis pursuant to 28 U.S.C. § 1915, this Court finds that Washington cannot pay the filing fee required by this Court, and may therefore proceed in forma pauperis.

"To prevail on a motion for preliminary injunctive relief, the moving party must demonstrate that each of the following factors favors the requested relief: (1) the likelihood that the moving party will succeed on the merits; (2) the extent to which the moving party will suffer irreparable harm without injunctive relief; (3) the extent to which the nonmoving party will suffer irreparable harm if the injunction is issued; and (4) the public interest." McNeil Nutritionals, LLC v. Heartland Sweeteners, LLC, 511 F.3d 350, 356-357 (3d Cir. 2007) (internal quotation omitted). Washington makes no argument in her Complaint or the papers associated with the preliminary injunction with respect to her likelihood of success, the extent of the harm to be suffered to the nonmoving parties, or the public interest. Furthermore, although irreparable harm is mentioned several times in Washinton's papers, Plaintiff's substantive discussion of irreparable harm is limited to the following statement in her Complaint: "commissions of irreparable harm defined as quasi-criminal offenses interdependent upon multiple probable causes escalating fraud, wrongful retaliation, reverse discrimination and bias-intimidation." (Compl. at 1.) "In general, to show irreparable harm a plaintiff must demonstrate potential harm which cannot be redressed by a legal or an equitable remedy following a trial." Acierno v. New

Castle County, 40 F.3d 645, 653 (3d Cir. 1994) (internal quotation omitted). The irreparable harm alleged by Washington consists of unadorned legal conclusions: fraud, retaliation, and discrimination are all legal theories, not allegations of harm that will actually befall Washington if her motion is denied. Similarly, "bias-intimidation" is not an allegation demonstrating a harm that cannot be remedied by damages at law, and therefore Washington has not sufficiently demonstrated to this Court that a preliminary injunction should issue in this instance, and her motion for same is denied.

Washington also moves for the following relief: "[a]ll attached pleadings and evidentiary statements must be deemed significant to support discovery demands and invoke respondeat superior during the course of relevant circumstantial findings to further trial hearings before this District Court." (Pl. Notice of Motion, March 24, 2008, at 2.) This Court finds that as it has granted Washington's request to proceed in forma pauperis, she will be entitled to avail herself of the civil discovery mechanisms available to all civil defendants, that her motion therefore fails to request any meaningful relief, and to the extent it requests that her case may proceed to discovery it is moot. With respect to her request that the doctrine of respondeat superior be applied in her case, or that her pleadings be read as sufficient to take her case to trial, this Court refuses, prior to the closing of pleadings, to consider Washington's motion as one for judgment on the pleadings. Fed. R. Civ. P. 12(c) (permitting motion only after the pleadings are closed). Similarly, this Court declines to convert her motion into one for summary judgment on the scant record presented and because the Defendants have not had an opportunity to enter appearances or submit briefs in opposition. Fed. R. Civ. P. 12(d), 56. This Court therefore denies Washington's motion inasmuch as it requests that her pleadings be adjudged sufficient to establish use of the

doctrine of respondeat superior, or to establish any other legal sufficiency of those pleadings at this time. For the foregoing reasons,

IT IS on this ___28___ day of March, 2008,

**ORDERED** that Plaintiff's request for in forma pauperis status is GRANTED, and the Clerk shall file her complaint; and it is further

**ORDERED** that Plaintiff's motion for a preliminary injunction is DENIED; and it is further

**ORDERED** that Washington's motion on the issues of respondeat superior, the sufficiency of her pleadings, and discovery is DENIED.

José L. Linares
United States District Judge